**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 11-22313-CIV-GRAHAM/GOODMAN**

JAIME ESCOBAR,

      Plaintiff,

v.

CREDIT CARD RECEIVABLES FUND INC., et al.,

      Defendants.

_____/

**ORDER SETTING EVIDENTIARY HEARING ON *ORE***

***TENUS* MOTION TO SET ASIDE ORAL SETTLEMENT**

**AGREEMENT BETWEEN COUNSEL BASED UPON ALLEGED FRAUD**

      This matter is before me on Defendant's *Ore Tenus* Motion to Set Aside Oral Settlement Agreement Between Counsel Based Upon Alleged Fraud.[1]  For the reasons below, it is hereby **ORDERED and ADJUDGED** that an evidentiary hearing on the motion is set before the Undersigned for Tuesday, November 1, 2011 at 10:00 a.m. at the C. Clyde Atkins Building and United States Courthouse, 301 North Miami Avenue, Miami, Florida.  The parties are directed to review and adhere to the requirements below, which were originally announced during a telephonic conference held by the Undersigned on Tuesday, October 18, 2011.  (DE# 24.)

---

[1]       The Honorable Donald L. Graham, United States District Judge, referred this matter to me for a settlement conference on October 5, 2011.  (DE# 15.)  As will be explained in additional detail below, this motion arose out of related settlement negotiations.

## I.      BACKGROUND

The following basic facts are taken from the parties' filings and counsel's representations at the October 18, 2011 telephonic status conference.  This case involves Plaintiff's Fair Debt Collection Practices Act claims again Defendant, a debt collection agency.  (DE# 1.)  Plaintiff alleges that Defendant violated the FDCPA by garnishing his bank account in an attempt to collect on a state court default judgment.  The judgment was obtained against "Jaime E. Escobar"[2] in connection with a defaulted Shell credit card account originally held by Citibank.  Plaintiff claims that he has no middle initial and therefore the judgment is not enforceable against him and that, in fact, he did not incur the debt in question.

This matter was originally referred to me by the District Court to conduct a settlement conference.  (DE# 15.)  Pursuant to the order of reference, the Undersigned scheduled a settlement conference for Tuesday, October 18, 2011.  (DE# 17.)  The Undersigned subsequently cancelled the settlement conference at the request of the parties.  (DE# 22.)

On Monday, October 17, 2011, counsel jointly phoned Chambers twice.  During the first phone call, the parties informed the Undersigned's law clerk that the parties were "about 85% settled," believed they would shortly be completely settled, and asked if the hearing could be cancelled.  Counsel also offered to make an appropriate settlement filing in support of their request, if necessary.  The Undersigned's law clerk requested that

---

[2]      Plaintiff's complaint identifies the name on the judgment and writ of garnishment as "Jaimie E. Escobar," while Defendant's answer contains the name "Jaime **A**. Escobar." (DE# 1; DE# 7.)  Neither the judgment nor the writ of garnishment appear to be in the Court file and therefore it is unclear which middle initial was on either document. Because Plaintiff contends that he does not have a middle name, the exact middle initial used does not appear to be important.

counsel call again, if and when they are able to report that the parties are 100% settled (a.k.a. *actually* settled).

Shortly thereafter, counsel again jointly phoned chambers to report that they <u>had</u> settled the case and were now merely waiting for their clients to sign the settlement agreement.  Counsel reported to the law clerk that they would affirmatively recommend to their clients that they sign the agreement.  At the Undersigned's instruction, the law clerk informed the parties that the hearing would be cancelled and the Undersigned issued a notice cancelling the hearing immediately after.  (DE# 22.)

The next day – the day originally set aside for the settlement conference – counsel again jointly phoned Chambers at around 2:00 p.m.  Counsel informed the Court's law clerk that, as of that point, Plaintiff's counsel took the position that the case was settled while Defendant's counsel adopted a contrary position.  The Undersigned immediately scheduled a telephonic status conference regarding settlement for later that day at 4:00 p.m. to discuss this issue.  (DE# 23.)

At the hearing, Defendant's counsel conceded that he and Plaintiff's counsel had reached an oral settlement agreement on October 17, 2011.  But, according to Defendant's counsel, the agreement should be set aside because it was obtained by fraud. Defendant's counsel explained that, after reaching the settlement agreement, his client obtained copies of two documents which demonstrate that Plaintiff did, in fact, incur the original debt and had falsely claimed otherwise in this lawsuit.

The first document is a copy of the original signed Shell credit card application. The second document is a copy of a signed warranty deed involving property formerly owned by Plaintiff.  Defendant contends that the signatures on these documents match,

thus demonstrating that Plaintiff was the individual who originally applied for, received, and then defaulted on the Shell credit card account. It is on that basis – that Plaintiff fraudulently induced Defendant to settle based upon a misrepresentation that Plaintiff never incurred the original debt – that Defendant argues the settlement should be set aside.

Plaintiff's counsel stated that his client had not seen the documents in question as of the time of the hearing, but that his client remained steadfast in his position that he never applied for the Shell credit card. Plaintiff's counsel offered to make his client available at the hearing to testify to this fact. Defendant's counsel agreed an evidentiary hearing was appropriate and that, as the moving party, it is Defendant's burden to prove that the settlement should be set aside due to fraud.[3]

## II.     NECESSITY FOR AN EVIDENTIARY HEARING

At the telephonic status conference, the Undersigned concluded that an evidentiary hearing on Defendant's *ore tenus* motion was necessary. After consulting with counsel (who both appeared to strongly prefer this option instead of settlement), the Undersigned **ORDERED** the following:

(1) The Undersigned will hold an evidentiary hearing on Defendant's *ore tenus* motion to set aside the settlement due to fraud on **Tuesday, November 1, 2011 at 10:00 a.m.** at the C. Clyde Atkins Building and United States Courthouse, 301 North Miami Avenue, Miami, Florida.

---

[3]     The Court noted at the hearing that Defendant could submit a brief appropriate memorandum if it concluded that the burden to enforce the oral settlement agreement belonged to Plaintiff. Defendant, however, must do so no later than **5 days** before the hearing date so that Plaintiff can then respond no later than **2 days** before the hearing date.

(2) At this hearing[4], the Court will hear from the parties' witnesses and, if admissible, receive into evidence appropriate documentary evidence.

(3) The parties must exchange any documentary evidence which they intend to introduce into evidence at the hearing no later than **5 days** before the hearing date.

(4) The parties must meet at least **3 days** before the hearing date and consider whether they can stipulate to the authenticity and admissibility of any proposed documentary evidence.  The parties may, of course, insist on objecting to admission of a particular document where there is a genuine dispute as to the document's authenticity.  However, the Court expects that the parties will exercise appropriate professional discretion if no such genuine dispute exists.

(5) The parties must discuss the continued possibility of settlement when they meet and confer regarding document authenticity.

---

[4]      The hearing will address, among other issues, what representations Plaintiff made about whether he signed the Shell credit card application, whether he ever received any bills for charges on the credit card, whether he offered any evidence (documentary or otherwise) to support  his position that he never applied for the Shell credit card.  In addition, the Court wants to hear evidence on whether Defendant ever conditioned the oral settlement agreement on its understanding that Plaintiff did not sign the credit card application.

In addition, if the parties settle this case before the evidentiary hearing, they are directed to immediately alert the Undersigned's Chambers by telephone.

**DONE AND ORDERED** in Chambers, at Miami, Florida, October 19, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Donald Graham
All counsel of record